UNITED STATES DISTRIC COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:18-cv-00143-BJD-JRK

MICHAEL HAUSER,

    Plaintiff,

v.

WESTLAKE SERVICES, LLC,

    Defendant.

_____/

## WESTLAKE SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Westlake Services, LLC, d/b/a Westlake Financial Services, ("Westlake"), pursuant to Federal Rules of Civil Procedure 8 and 12, hereby files its Answer and Affirmative Defenses to the Complaint filed by Michael Hauser (the "Plaintiff"), as follows:

### General Denial

Consistent with Federal Rule 8(b)(3) and any other applicable rule(s) of procedure, Westlake denies all of the Plaintiff's allegations in each count of the Complaint (including but not limited to a denial of the averments in all paragraphs, sub-paragraphs, and the requested relief in each *ad damnum* clause), other than those allegations specifically admitted herein.

### Introduction

1.    The allegations in Paragraph 1 set forth legal conclusions to which no response is required. Westlake respectfully refers all conclusions of law to the Court. To the extent a response is required, Westlake denies the allegations.

2. The allegations in Paragraph 2 set forth legal conclusions to which no response is required. Westlake respectfully refers all conclusions of law to the Court. To the extent a response is required, Westlake denies the allegations.

3. The allegations in Paragraph 3 set forth legal conclusions to which no response is required. Westlake respectfully refers all conclusions of law to the Court. To the extent a response is required, Westlake denies the allegations.

4. The allegations in Paragraph 4 set forth legal conclusions to which no response is required. Westlake respectfully refers all conclusions of law to the Court. To the extent a response is required, Westlake denies the allegations.

### Jurisdiction and Venue

5. Westlake admits Plaintiff seeks to assert a claim for damages exceeding Seventy-Five Thousand Dollars. However, Westlake denies that Plaintiff has suffered any damages and is entitled to any of the requested relief. Accordingly, the remainder of the allegations in paragraph 5 are denied.

6. The allegations in Paragraph 6 set forth legal conclusions to which no response is required. Westlake respectfully refers all conclusions of law to the Court. To the extent a response is required, Westlake denies the allegations.

7. The allegations in Paragraph 7 set forth legal conclusions to which no response is required. Westlake respectfully refers all conclusions of law to the Court. To the extent a response is required, Westlake denies the allegations.

8. Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8. Further, the allegations in Paragraph 8 set forth legal

conclusions to which no response is required. Westlake respectfully refers all conclusions of law to the Court. To the extent a response is required, Westlake denies the allegations in paragraph 8.

## Factual Allegations

9. Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore Westlake denies the allegations.

10. Paragraph 10 sets forth legal conclusions to which no response is required. Westlake respectfully refers all conclusions of law to the Court. To the extent a response is required, Westlake denies the allegations.

11. Paragraph 11 sets forth legal conclusions to which no response is required. Westlake respectfully refers all conclusions of law to the Court. To the extent a response is required, Westlake denies the allegations.

12. Paragraph 12 sets forth legal conclusions to which no response is required. Westlake respectfully refers all conclusions of law to the Court. To the extent a response is required, Westlake denies the allegations.

13. Westlake admits the allegations in paragraph 13.

14. Paragraph 14 sets forth legal conclusions to which no response is required. Westlake respectfully refers all conclusions of law to the Court. To the extent a response is required, Westlake denies the allegations.

15. Westlake denies the allegations of Paragraph 15.

16. Westlake denies the allegations of Paragraph 16.

17. Westlake denies the allegations of Paragraph 17.

18. Westlake denies the allegations of Paragraph 18.

19. Westlake denies the allegations of Paragraph 19.

20. Westlake denies the allegations of Paragraph 20.

21. Westlake denies the allegations of Paragraph 21.

22. Westlake denies the allegations of Paragraph 22.

23. Westlake denies the allegations of Paragraph 23.

24. Westlake denies the allegations of Paragraph 24.

25. Westlake denies the allegations of Paragraph 25.

26. Westlake denies the allegations of Paragraph 26.

27. Westlake denies the allegations of Paragraph 27.

28. Westlake denies the allegations of Paragraph 28.

29. Westlake denies the allegations of Paragraph 29.

30. Westlake denies the allegations of Paragraph 30.

31. Westlake denies the allegations of Paragraph 31.

32. Westlake denies the allegations of Paragraph 32.

33. Westlake denies the allegations of Paragraph 33.

34. Westlake denies the allegations of Paragraph 34.

35. Westlake denies the allegations of Paragraph 35.

36. Westlake denies the allegations of Paragraph 36.

37. Westlake denies the allegations of Paragraph 37.

38. Westlake denies the allegations of Paragraph 38.

39. Westlake denies the allegations of Paragraph 39.

40. Westlake denies the allegations of Paragraph 40.

41. Westlake denies the allegations of Paragraph 41.

42. Westlake denies the allegations of Paragraph 42.

– 5 –

43. Westlake denies the allegations of Paragraph 43.

## COUNT I
### (Violation of the TCPA)

44. Westlake fully incorporates and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. Westlake denies the allegations of Paragraph 45.

46. Westlake denies the allegations of Paragraph 46.

Westlake denies the allegations set forth in Plaintiff's wherefore clause after paragraph 46 in the Complaint.

## COUNT II
### (Violation of the FCCPA)

47. Westlake fully incorporates and re-alleges paragraphs 1 through 43 as if fully set forth herein.

48. Westlake denies the allegations of paragraph 48.

49. Westlake denies the allegations of Paragraph 49.

50. Westlake denies the allegations of Paragraph 50.

51. Westlake denies the allegations of Paragraph 51.

Westlake denies the allegations set forth in Plaintiff's wherefore clause after paragraph 51 in the Complaint.

## AFFIRMATIVE DEFENSES

1. **Bona Fide Error under section 559.77, Florida Statutes.** Any violation by Westlake was unintentional or the result of a bona fide error of fact notwithstanding the

maintenance of procedures reasonably adopted to avoid any such violation or error, and no liability can be imposed upon Westlake by virtue of section 559.77, Florida Statutes.

2. **Westlake Did Not Violate the TCPA.** Westlake did not make, allow, or otherwise initiate any non-consensual, non-emergency, calls using an automatic telephone dialing system or artificial or pre-recorded voice without the Plaintiff's prior express consent.

3. **Statute of Limitations.** The Plaintiff's claims in the Complaint are barred, in whole or in part, based on the expiration of the applicable statutory limitations periods.

4. **Failure to Comply with Contractual or Statutory Conditions Precedent.** The Plaintiff's claims are not ripe as they failed to satisfy contractual or statutory conditions precedent to their claims.

5. **Consent**. The Plaintiff either expressly or implicitly consented to calls on his cellular telephone.

6. **Lack of Standing.** The Plaintiff lacks standing to pursue his claim for relief because there is no injury.

7. **Barred by the United States Constitution.** The United States Constitution bars or limits the relief requested by the Plaintiff to the extent the relief unfairly subjects Westlake to punishment and/or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or if the relief requested would amount to a taking, or the relief requested would be out of proportion to the alleged conduct, or if the remedy requested is unrestricted by sensible standards, or the relief requested would have an unfair economic impact on Westlake.

8. **Reliance on Third Parties.** To the extent Westlake made a telephone call to the Plaintiff in reliance on information provided by third parties, Westlake hereby pleads and relies upon all rights, claims, and defenses that arise by virtue of the status, conduct, or rights of those

third parties, including the protections of arbitration contracts that bar a civil lawsuit of this type, and of consents obtained.

9.  **Subscribers.** Westlake relies on any and all defenses and limitations applicable to subscribers to the subject cellular telephone number, and co-subscribers to or users of the subject cellular telephone number.

10. **No Actual Damages.** The Plaintiff's claims are barred, in whole or in part, because they suffered no actual damages.

11. **Westlake is Not Vicariously Liable.** The Plaintiffs' claims against Westlake, under the theory of respondeat superior, fail as Westlake's current or former employees were not hired for the purpose of violations as alleged in the Complaint. Instead, if any action by these individuals did constitute a violation, such action would be outside the scope of their employment, and/or without Westlake's knowledge, approval, or other understanding required for liability.

12. **Wrongful Conduct Not Intentional or Willful.** At all times relevant to the allegations of the Complaint, Westlake acted in good faith, exercised ordinary care in its dealings with the Plaintiff.

13. **Estoppel.** The Plaintiff is estopped from bringing this action as the Plaintiff's own conduct and/or the conduct of third parties outside the control of Westlake resulted in their purported damages. Such conduct includes, but is not limited to, any invitations to call the Plaintiff's cellular or residential telephones, requesting or engaging in contact with Westlake, and inviting the actions complained of.

14. **Waiver.** The Plaintiff waived the right to bring either or both of the causes of action by virtue of their own conduct and/or the conduct of third parties outside the control of Westlake. Such conduct includes, but is not limited to, any invitations to call the Plaintiff's cellular or

residential telephones, requesting or engaging in contact with Westlake, and inviting the actions complained of.

15. **Ratification.** Either through conduct or agreement, the Plaintiff ratified Westlake's action and is barred from recovery herein. The Plaintiff invited calls to his cellular telephone, requested contact from and engaged in communications with Westlake, and invited the actions complained of. Further, the Plaintiff acquiesced to, and thus ratified, the complained of conduct.

16. **Failure to state a cause of action.** The Plaintiff failed to properly state a cause of action.

17. **Unclean Hands**. The Plaintiff's claims fail, in whole or in part, based on the doctrine of unclean hands.

18. **Public Policy.** Some or all of the Plaintiff's claims are barred by the public policies of the United States and/or the State of Florida.

19. Westlake hereby intends to rely upon any other defenses that may become available or appear during ongoing discovery proceedings and investigation in this case and reserves the right to amend its Answer to assert any such defenses.

**WHEREFORE,** Westlake prays for entry of an Order providing relief for reasonable expenses, including attorney's fees and costs, pursuant to section 559.77(2), Florida Statutes, and any contractual right to attorney's fees, and ordering such other and further relief as the Court deems just and equitable.

        Respectfully submitted,

        /s/ James R. Liebler, II
        JAMES R. LIEBLER II
        Florida Bar No. 115348
        **LIEBLER, GONZALEZ & PORTUONDO**
        Courthouse Tower - 25th Floor
        44 West Flagler Street
        Miami, FL 33130
        Telephone: (305) 379-0400
        Fax: (305) 379-9626
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March, 2018, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

        /s/ James R. Liebler, II
        JAMES R. LIEBLER, II